**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MEADOWS FINANCIAL SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO.,<br><br>Defendant. | Civil Action No: 13-CV-6115<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Meadows Financial Systems, LLC ("Plaintiff" or "Meadows"), hereby alleges for its Complaint against Defendant JPMorgan Chase & Co. ("Defendant") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

**PARTIES**

1. Plaintiff Meadows is a Texas corporation with a principal place of business at 104 East House Street, Suite 170A, Marshall, Texas 75670.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the Delaware with offices throughout Illinois.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

1

4. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of Illinois and the Northern District of Illinois; Defendant has purposefully availed itself of the privileges of conducting business in the State of Illinois and in the Northern District of Illinois; Defendant has sought protection and benefit from the laws of the State of Illinois; Defendant regularly conducts business within the State of Illinois and within the Northern District of Illinois; and Plaintiff's causes of action arise directly from Defendant' business contacts and other activities in the State of Illinois and in the Northern District of Illinois.

5. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Illinois, and the Northern District of Illinois. Upon information and belief, Defendant has committed patent infringement in the State of Illinois and in the Northern District of Illinois, has contributed to patent infringement in the State of Illinois and in the Northern District of Illinois, and/or has induced others to commit patent infringement in the State of Illinois and in the Northern District of Illinois. Defendant solicits customers in the State of Illinois and in the Northern District of Illinois. Defendant has many paying customers who are residents of the State of Illinois and the Northern District of Illinois and who each use each of the respective Defendant's products and services in the State of Illinois and in the Northern District of Illinois.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§1391 and 1400(b).

**COUNT I– INFRINGEMENT OF U.S. PATENT 8,064,434**

7. On November 22, 2011, the United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 8,064,434 ("the '434 Patent"), entitled "Method for Providing Internet Services to a Telephone Customer." Plaintiff is the exclusive licensee of the '434 patent and possesses all rights of recovery under the '434 patent, including the right to sue for infringement and recover past damages. A true and correct copy of the '434 Patent is attached to the Complaint as Exhibit A.

8. Defendant owns, operates, advertises, controls, sells, and otherwise provides hardware and software that infringes the '434 patent. The '434 patent provides, among other things, "A method for providing a customer of a telephone device with a capability to use Internet-based applications, which method comprises the steps of: transmitting from said telephone device an indication towards a first server, denoting a request to be connected to an Internet-based application residing at a second server; providing said customer with a menu from which the customer selects a requested Internet-based application; after selecting an application, establishing a communication path that extends between said telephone device and said second server via said first server; at said first server, creating a virtual client entity specific to said telephone device and said Internet-based application to be used, created specifically to allow communication between said telephone device and said Internet-based application residing at said second server, maintained only for the duration of a communication session that is about to take place between said customer and said Internet-based application, thereby providing the customer of said telephone device with the capability to use said Internet-based application; and exchanging communications between said second server and said telephone device."

9. Defendant has infringed and continues to infringe one or more claims of the '434 patent by making, using, providing, offering to sell, and selling (directly or through

intermediaries), in this district and elsewhere in the United States, systems and methods for providing internet services to a telephone customer. More particularly, Defendant sells and/or requires and/or directs customers to access internet-based applications on telephone devices through a communication path established between servers, in a manner claimed in the '434 patent. Defendant infringes the '434 patent by using hardware and providing software through Defendant's website that practices a method for providing the capability to use internet-based applications to a telephone customer.

10. Defendant infringes the '434 patent by providing customers a variety of tools and systems designed to interact with the Defendant's website through the customer's telephone device. When the Defendant's website is accessed from the customer's telephone device, the device transmits an indication to the Defendant's first server. This indication, such as an information request, upon information and belief, informs the first server that the inquiring device is a telephone device. The first server recognizes the indication and provides the customer with a menu. From this menu, the customer may select any of the designated internet-based applications provided. Upon information and belief, the first server acts as a gatekeeper by re-directing the customer's telephone device to the appropriate second server based on the customer's menu selection.

11. After the selection is made, upon information and belief, the first server creates a virtual entity specific to that telephone device and the selected internet-based application. The entity establishes a path to allow communication between the customer's telephone device and the application, which is housed in the second server. Through the virtual client entity, the customer's telephone device and the Defendant's server are now able to communicate the customer's requests to allow functional use of the Defendant's website on the customer's

telephone device. This system enables the customer is to interact with the menus and tools offered on the Defendant's website until the session is terminated. Upon information and belief, the virtual entity that establishes this communication path is maintained only for the duration of the communication session.

12. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13. Defendant also has infringed under 35 U.S.C. § 271(b) by inducing infringement of the '434 patent in the State of Illinois, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods claimed by the '434 patent, and advising, encouraging, or otherwise inducing others to perform the remaining steps claimed by the '434 patent to the injury of Meadows. For example, Defendant has configured their website to be made available for use with most telephone devices inducing others to perform steps claimed in the '434 patent thereby inducing infringement. Since at least the filing date of this Complaint, Defendant has had knowledge of the '434 patent, and by continuing the actions described above, has had specific intent to induce infringement of the '434 patent pursuant to 35 U.S.C. § 271(b).

14. As a result of Defendant's unlawful infringement of the '434 Patent, Meadows has suffered and will continue to suffer damage. Meadows is entitled to recover from Defendant the damages sustained as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

15. Defendant's acts of infringement have caused and will continue to cause irreparable harm to Meadows unless and until enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Meadows prays for a Judgment from this Honorable Court in favor of Meadows and against the Defendant as follows:

A. An adjudication that one or more claims of the '434 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '434 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

## **JURY DEMAND**

Meadows, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

August 27, 2013

>Respectfully submitted,
>MEADOWS FINANCIAL SYSTEMS, LLC
>
>
>s/ Justin D. Kaplan_____
>By: One of its Attorneys

Parikh Law Group, LLC
Justin D. Kaplan (6298464)
233 S. Wacker Drive, 84th Floor
Chicago, Illinois 60606
Tel: (312) 725-3476